IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA NIXON,<br><br>Plaintiff,<br><br>v.<br><br>GRANDE COSMETICS, LLC,<br><br>Defendant. | Case No. 1:22-cv-6639<br><br>**PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER** |

Plaintiff Brenda Nixon ("Plaintiff"), individually and on behalf of the proposed Settlement Class,[1] seeks preliminary approval of a proposed Settlement of claims against Defendant Grande Cosmetics, LLC ("Grande" or "Defendant"). For the reasons set forth herein, the Court GRANTS preliminary approval and GRANTS preliminary certification of the Settlement Class for settlement purposes only.

**I.      BACKGROUND**

Plaintiff initiated this class action lawsuit in this Court on November 16, 2022 on behalf of herself and a class of consumers for: (1) violations of the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1, *et seq*. (and other states' analogous non-conflicting consumer protection laws); (2) fraud (affirmative misrepresentation and

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the parties' Settlement Agreement.

1

omission); (3) negligent misrepresentation and omission; (4) breach of express warranty; (5) breach of implied warranty; (6) negligence; and (7) unjust enrichment. The Action alleges, and Plaintiff contends, that Grande failed to disclose information to her and consumers regarding the cosmetic products GrandeLASH-MD, GrandeBROW, and GrandeHAIR ("Enhancement Serums"). The Action alleges, and Plaintiff contends, that the Enhancement Serums contain an ingredient, Isopropyl Cloprostenate ("IC"), which is alleged to present undisclosed risks of potential adverse reactions. Plaintiff alleges that she used GrandeLASH-MD.

Grande denies the allegations asserted in the Action and denies liability or wrongdoing of any kind because Grande claims the Enhancement Serums are safe cosmetic products with a proven track record of overwhelmingly positive consumer satisfaction. Grande states that comprehensive product safety testing substantiates the safety of the Enhancement Serums while no scientific study has ever found that the Enhancement Serums cause any of the serious adverse events alleged in the Action. Grande contends that it has always marketed the Enhancement Serums as cosmetics, that the U.S. Food and Drug Administration ("FDA") is the sole administrative body authorized to determine the regulatory status of products subject to its jurisdiction, and the FDA has never alleged or found the Enhancement Serums are adulterated, misbranded or unapproved drugs.

The Parties conducted a thorough investigation of the facts and analyzed the relevant legal issues regarding the claims asserted in the Action. Each Party has

exchanged extensive written disclosures and document productions. Grande provided Plaintiff with substantial data demonstrating the size of the Settlement Class and information showing the quantity and price of products sold to the Settlement Class Members. As a result of extensive arm's-length negotiations, the Parties negotiated details of the Settlement before arriving at the Settlement Agreement currently before the Court.

Having read all the papers filed in connection with the Motions, reviewed all the evidence submitted with respect to the proposed Settlement, and heard the arguments of counsel, the Court finds the proposed Settlement is fair, reasonable, and adequate. The Court finds as follows:

## II.   SETTLEMENT TERMS

### A.   The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All current and former persons in the United States or its territories who purchased GrandeLASH-MD, GrandeBROW, or GrandeHAIR for personal, family, household, or professional purposes between January 1, 2018 and the date of the entry of an order granting preliminary approval to the Settlement Agreement excluding (a) any individuals other than Plaintiff Brenda Nixon who have pending litigation against Grande; (b) any Settlement Class Members who file a timely request for exclusion; (c) any officers, directors, or employees, or immediate family members of the officers, directors, or employees, of Defendant or any entity in which Defendant has a controlling interest; (d) any person who has acted as a consultant of Defendant; (e) any legal counsel or employee of legal counsel for Defendant; (f) any federal, state, or local government entities; and (g) any judicial officers

presiding over the Action and the members of their immediate family and judicial staff.

No class has previously been certified in this Action. This Settlement also resolves the nearly identical claims asserted in an action brought on behalf of consumers in California, entitled *Alexandra Mandel v. Grande Cosmetics, LLC*, No. 3:22-cv- 00071-JD (N.D. Cal.) which was brought on behalf of California consumers of the Enhancement Serums. The proposed Settlement includes a release of claims against Grande by a nation-wide Settlement Class.

### B.   Benefits to the Settlement Class

The Settlement Agreement, if approved, will create a $6,250,000 non-reversionary Cash Settlement Fund and it will resolve the claims of Plaintiff and the Settlement Class Members deriving from Grande's alleged failure to disclose information to them about the Enhancement Serums. The Cash Settlement Fund will provide cash payments to Settlement Class Members who submit valid and timely Claims, as well as pay the Administrative Costs to provide notice and administer the Settlement, and Plaintiff's Counsel's Fees and Expenses and any Class Representative Service Payment that the Court may approve.

In addition to the Settlement Fund, the Settlement includes important and valuable injunctive relief, namely Grande's website, packaging and Enhancement Serum inserts will disclose the presence of IC in the products while providing an expanded warning statement and instructions for use. Specifically, as set forth in

4

Section 2.3 of the Settlement Agreement, as well as in "Exhibit E" attached to the Settlement Agreement, Grande has agreed to provide expanded cautionary instructions for use and has agreed to make certain changes to the information Grande provides relating to the Enhancement Serums on its website.

### C. Settlement Administrator and Administration Costs

The proposed Settlement Administrator is Angeion Group, LLC, a leading class action administration firm in the United States. The Administrative Costs will be paid from the Cash Settlement Fund.

### D. Class Member Release

Upon the Effective Date, and in consideration for the cash payments and for Grande's other promises contained in the Settlement Agreement, each Settlement Class Member who does not timely opt-out of the Settlement shall fully, completely and forever release and discharge the Released Defendant Parties from any and all past, present, or future claims, liabilities, actions, allegations, complaints, demands, obligations, causes of action, suits, rights, damages, debts, guarantees, orders, controversies, penalties, promises, covenants, losses, costs, expenses, or attorneys' fees of every kind, nature and source whether legal, equitable or otherwise, whether based on contract (express, implied, or otherwise), tort, common law, any state or federal law, statute or regulation or any other theory of recovery, whether brought under the laws of any state, federal or other government, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, suspected or

5

unsuspected, and whether seeking compensatory, exemplary, punitive, restitution, disgorgement, statutory, or injunctive relief or damages of any kind or multiplier thereof, that Plaintiff and each Settlement Class Member now have or may hereafter accrue or otherwise be acquired, arising out of or related to the subject matter of the Action involving the Enhancement Serums, including, but not limited to, the sale, purchase, marketing, advertising, distribution, design, formulation, manufacture, and the labelling of the Product during the Settlement Class Period ("Released Plaintiff's Claims").

Specifically excluded from the release are individual personal injury or disease claims, including existing claims, as well as latent or unknown individual personal injury or disease claims, held by Settlement Class Members.

"Released Defendant Parties" means Defendant Grande and its predecessors, successors, parents, subsidiaries, members, suppliers, indemnitors, insurers, reinsurers, and affiliates, as well as their respective present and former officers, directors, members, shareholders, managers, employees, attorneys, agents and other representatives, as well as each entity to whom Defendant Grande directly or indirectly distributes, ships, or sells any Product, including but not limited to downstream distributors, wholesalers, retailers, franchisees, franchisors, cooperative members, suppliers, lenders, licensees, and licensors, and all of the foregoing entities' owners, directors, officers, agents, principals, employees, attorneys, insurers, accountants, representatives, predecessors, successors, and assigns.

### E.     Proposed Plan of Notice

The Parties' proposed Class Notice as provided in Section 5.2 of the Settlement Agreement consists of direct notice in the form of Mailed Notice, Email Notice, and Internet Notice, as well as a Settlement Website where Settlement Class Members may view and download a Full Notice. Settlement Class Members may also request that the Settlement Administrator mail or email them a copy of the Full Notice.

On or before twenty (20) calendar days after entry of this Order, the Settlement Administrator shall establish the Settlement Website. The Settlement Administrator will provide the Internet Notice on or before twenty (20) calendar days after entry of the Preliminary Approval Order.

Starting no later than twenty (20) calendar days after the entry of this Order, the Settlement Administrator shall cause the Mailed Notice to be sent to Settlement Class Members. Before mailing the Mailed Notice, the Settlement Administrator shall update the addresses provided by Grande with the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. If the Mailed Notice is returned as undeliverable, the Settlement Administrator shall perform skip trace research and shall make one (1) attempt to remail the Mailed Notice as soon as possible before the Claim Filing Deadline. Settlement Class Members for whom Defendant maintains a physical address shall be sent Mail Notice regardless of whether they are also being sent Email Notice.

Starting no later than twenty (20) calendar days after the entry of this Order, the Settlement Administrator shall cause the Email Notice to be sent to Settlement Class Members for whom Grande maintains an email address regardless of whether they are also being sent Mailed Notice.

Starting no later than twenty (20) calendar days after entry of this Order, the Settlement Administrator shall provide Internet Notice in the form of a social media campaign and/or Banner Advertisements with at least a 70% reach.

At least fourteen (14) calendar days prior to the Claim Filing Deadline, the Settlement Administrator will provide two (2) reminder notices to the Settlement Class Members for whom they have sent Email Notice.

The Settlement Administrator will also ensure that the necessary and timely notice is provided to any state and federal officers as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

F.   **Opt-Outs and Objections**

The Class Notice will advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs, and expenses and/or the Class Representative Service Payment, and of the associated deadlines to opt out or object.

Settlement Class Members who choose to opt out must send a signed letter or postcard electronically through the Settlement Website or by U.S. Mail to the Settlement Administrator stating: (a) the name and case number of the Action; (b) the

full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Agreement. Any opt out must be submitted electronically or postmarked no later than thirty (30) days prior to the Fairness Hearing. Any Settlement Class Member who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

Settlement Class Members who have not submitted a timely written exclusion request and who wish to object to the fairness, reasonableness, or adequacy of the Agreement, may elect to object to the Agreement by sending a written objection to the Settlement Administrator that (a) states the case name and number: *Nixon v. Grande Cosmetics, LLC*, No. 1:22-cv-06639 (D.N.J.); (b) states the full name, address, and telephone number of the Settlement Class Member making the objection; (c) contains a statement that he or she objects to the Agreement and the reasons for the objection; and (d) is signed by the Settlement Class Member making the objection or an authorized representative. Any written objection must be submitted to the Settlement Administrator either electronically through the Settlement Website or by U.S. Mail. Any objection must be submitted electronically or postmarked no later than thirty (30) days prior to the Fairness Hearing.

Settlement Class Members have the option to appear at the Fairness Hearing to object to the fairness, reasonableness, or adequacy of the Agreement, or to the award

of attorneys' fees regardless of whether they have timely submitted a written objection to the Settlement Administrator.

Settlement Class Members who have retained their own counsel at their own expense to prepare a written objection must have their counsel file the objection that counsel prepares on their behalf on the docket with the United States District Court for the District of New Jersey in addition to mailing it to the Settlement Administrator as described above. Settlement Class Members may also have their own attorney retained at their own expense appear at the Fairness Hearing if their counsel notices his or her intention to appear on the docket at least seven (7) days before the Fairness Hearing.

**G.  Attorneys' Fees and Expenses and Class Representative Service Payment**

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, as well as reasonable expenses incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek attorneys' fees in an amount not to exceed one-third (1/3) of the Total Settlement Amount, in addition to expenses. Any approved fees and expenses will be paid from the Cash Settlement Fund prior to distribution to the Settlement Class Members.

At least thirty-five (35) days before the Objection Deadline and the Exclusion Deadline, Plaintiff shall move the Court for approval of an award of Plaintiff's Counsel's Fees.

Class Counsel may also petition the Court for up to $15,000 for Brenda Nixon as the Class Representative Service Payment to compensate her for her time and effort in the Action. Any approved payment will be deducted from the Cash Settlement Fund prior to distribution to the Settlement Class Members.

Neither final approval, nor the size of the Cash Settlement Fund, are contingent upon approval of the full amount of requested Plaintiff's Counsel's Fees and Expenses or the Class Representative Service Payment.

## III.    FINDINGS AND ORDERS

### A.    The Settlement Agreement Warrants Preliminary Approval

The Court finds, on a preliminary basis, that the Settlement Agreement is within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the terms of the Settlement and preliminarily finds the Settlement to be fair, reasonable, and adequate, satisfying all applicable factors at this stage under *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975) and *In re GMC Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768 (3d Cir. 1995). The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Fairness Hearing to be

11

disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, and the United States Constitution.

### B. Certification of the Settlement Class for Settlement Purposes is Appropriate

On a motion for preliminary approval, the parties must also show that the Court "will likely be able to ... certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(c)(1). The Court finds for purposes of settlement only that the Settlement Class meets all the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

### C. The Proposed Notice Plan is Approved

Due process under Rule 23 requires that class members receive notice of the Settlement and an opportunity to be heard and participate in the litigation. *See* Fed. R. Civ. P. 23(c)(2)(B). It seems to the Court that the proposed Class Notice plan in the Settlement Agreement, which consists of Email Notice and Mailed Notice to be sent directly to Settlement Class Members, as well as a Full Notice, Internet Notice, Reminder Notice, and a Settlement Website, comports with due process, Rule 23, and all other applicable law.

## IV. SCHEDULE AND PROCEDURES

The Court orders the following schedule and procedures for disseminating the Class Notice, requesting exclusion from the Settlement Class, objecting to the Settlement, filing the motion for the Plaintiff's Counsel's Fees and Expenses and the

12

Class Representative Service Payment, filing the Motion for Final Approval, and submitting Claims:

| Event | Date |
|---|---|
| Settlement Administrator to establish Settlement Website | 20 days from Preliminary Approval Order |
| Settlement Administrator to send Mailed Notice to Settlement Class Members | 20 days from Preliminary Approval Order |
| Settlement Administrator to send Email Notice to Settlement Class Members | 20 days from Preliminary Approval Order |
| Settlement Administrator to provide Internet Notice | 20 days from Preliminary Approval Order |
| Settlement Administrator to provide 2 reminder notices to Settlement Class Members to whom Email Notice was sent | 14 days prior to Claim Filing Deadline |
| Deadline to file Plaintiff's Counsel's Fees and Expenses Application | January 4, 2024 |
| Objection Deadline | February 6, 2024 |
| Exclusion Deadline | February 6, 2024 |
| Deadline to file Motion for Final Approval | February 26, 2024 |
| Claim Filing Deadline | February 27, 2024 |
| Supplemental Memorandum to Plaintiff's Counsel's Fees and Expenses Application | March 6, 2024 |
| Fairness Hearing | March 13, 2024 at 10:00 a.m. |

## V.   FAIRNESS HEARING

The Fairness Hearing shall be held before this Court on March 13, 2024, at 10:00 a.m. in Courtroom 1, located in the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper St., Camden, NJ 08101, to determine: (a) whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether the Final Approval Order dismissing the Action with prejudice should be entered; (c) whether to approve payment of Plaintiff's Counsel's Fees and Expenses; and (d) whether to approve payment of the Class Representative Service Payment for Plaintiff as requested by Class Counsel.

## VI.   OTHER PROVISIONS

Class Counsel and Defendant are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the proposed Class Notice plan provided in the Settlement Agreement. The deadlines set forth in this Order may be extended by Order of the Court without further notice to Settlement Class Members, except that notice shall be posted on the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates and further details regarding the deadlines. Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Class Notice to be valid, although the Court will accept exclusions and objections deemed to be in substantial compliance.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the Parties will be restored to the *status quo ante* as set forth more specifically in the Settlement Agreement.

## VII.     CONCLUSION

Accordingly, the Court having considered the Motion for Preliminary Approval of Class Action Settlement and Provisional Certification of the Settlement Class, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**;

2. The proposed Settlement Class is certified for settlement purposes only pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

3. Brenda Nixon is appointed as the Class Representative;

4. Honik LLC is appointed as Class Counsel; and

5. The proposed Class Notice plan complies with the requirements of Rule 23 and Due Process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

**IT IS SO ORDERED.**

**DATED: DECMBER 13, 2023**          s/Renée Marie Bumb
                                     HONORABLE RENÉE MARIE BUMB
                                     CHIEF UNITED STATES DISTRICT JUDGE