# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| BRENDA NIXON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>GRANDE COSMETICS, LLC,<br><br>　　Defendant. | Case No. 1:22-cv-06639<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

Pending before the Court are the Motion for Final Approval of Class Action Settlement and the Motion for Award of Attorneys' Fees and Expenses and Class Representative Service Payment, filed by Plaintiff Brenda Nixon (together, the "**Motions**"). The Motions came before the Court for hearing in Courtroom 1 of the United States District Court for the District of New Jersey on March 13, 2024 at 10:00 a.m. and on July 17, 2024 at 2:30 p.m.

Having read all the papers filed in connection with the Motions, reviewed all the evidence submitted with respect to the proposed Settlement, and heard the arguments of counsel, the Court finds the proposed Settlement is fair, reasonable, and adequate. The Court finds as follows:

　　1.　　Unless otherwise indicated, capitalized terms have the same meanings as those set forth in the Parties' Settlement Agreement.

2.     The Court has personal jurisdiction over all Settlement Class Members, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto.

3.     The Class Notice plan implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

4.     Of the 201,981 Mailed Notices sent to Settlement Class Members for whom Defendant Grande Cosmetics, LLC ("Grande" or "Defendant") had mailing address information, 6,059 were returned undeliverable without a forwarding address, and 260 were returned undeliverable with a forwarding address. After address verification searching, 3,919 updated addresses were identified and remailed, along with the 260 notices with forwarding addresses. Of the 194,096 Email Notices Sent to Settlement Class Members for whom Defendant had email information, 1,915 were returned undeliverable.

5. Though the Claims Filing Deadline, Settlement Class Members have submitted 120,232 timely, valid claims.

6. As of the Objection Deadline, no Class Members have objected to or commented on the Settlement.

7. As of the Exclusion Deadline, the following 95 Class Members have opted out of the Settlement: *see* Exhibit A hereto.

8. The Court finds that the Settlement Administrator properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of this Settlement only:

    a. The Settlement Class is defined as follows:

> All current and former persons in the United States or its territories who purchased GrandeLASH-MD, GrandeBROW, or GrandeHAIR for personal, family, household, or professional purposes between January 1, 2018 and the date of the entry of an order granting preliminary approval to the Settlement Agreement excluding (a) any individuals who have pending litigation against Grande; (b) any Settlement Class Members who file a timely request for exclusion; (c) any officers, directors, or employees, or immediate family members of the officers, directors, or employees, of Defendant or any entity in which Defendant has a controlling interest; (d) any person who has acted as a consultant of Defendant; (e) any legal counsel or employee of legal counsel for Defendant; (f) any federal, state, or local government entities; and (g) any judicial officers presiding over the Action and the members of their immediate family and judicial staff.

b. The Settlement Class is ascertainable and so numerous that joinder of all members is impracticable. The Settlement Class consists of thousands of class members, and the Settlement Class Members have been determined by objective means from the records of Defendant.

c. There are questions of law or fact common to the Settlement Class, centered around Defendant's marketing and sale of products containing Isopropyl Cloprostenate.

d. The claims of the proposed Class Representative are typical of the claims of the Settlement Class Members. The proposed Class Representative and each member of the Settlement Class are alleged to have suffered the same injury caused by the same course of conduct.

e. Plaintiff has fairly and adequately represented and protected the interests of the Settlement Class. Plaintiff is a member of the Settlement Class. Neither Plaintiff nor Class Counsel have any conflicts of interest with the Settlement Class Members, and Class Counsel have demonstrated that they have adequately represented the Settlement Class.

f. The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members.

g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, as the Settlement substantially benefits both the litigants and the Court, and there are few manageability issues, as settlement is proposed rather than a further trial.

h. Pursuant to Federal Rule of Civil Procedure 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Settlement Class Members, taking into account the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of Defendant to withstand a greater judgment; (8) the range of reasonableness of the Settlement in light of the best possible recovery; and (9) the range of reasonableness of the Settlement to a possible recovery in light of all the attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

i. The plan for distribution of the Cash Benefit is fair and equitable. The Settlement Administrator shall perform the distribution to Settlement

      Class Members following the process set forth in the Settlement Agreement without further order of this Court.

j.  The Settlement Class Members have been provided due process in receiving notice of the Settlement and Settlement Agreement.

k.  The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

l.  Under the Settlement Agreement, Class Counsel is permitted to seek Court approval of attorneys' fees and documented and reasonable expenses and costs, as well as a service award. The Court has issued a separate order on Plaintiff's motion for the foregoing.

m.  Accordingly, the Court hereby finally **APPROVES** the proposed Settlement as reflected in the Settlement Agreement, the terms of which, including but not limited to the Releases, are hereby incorporated by reference as though fully set forth herein.

The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1.    The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; the Parties and their counsel are directed to implement and consummate the Agreement according to its terms and provisions; and the Agreement is declared to be binding

on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and each Settlement Class Member against Grande who did not timely opt-out of the Settlement.

2.   The Parties are hereby directed to take all actions required under the terms and provisions of the Settlement Agreement.

3.   To the extent permitted by law, and without affecting the other provisions of this Final Approval Order, this Final Approval Order is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the claims released under the Settlement Agreement.

4.   All persons who are Settlement Class Members are bound by this Final Approval Order and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

5.   The Court shall retain continuing jurisdiction over this Action as set forth in the Agreement, including as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to Settlement Administration;

and (iii) enforcement of this Final Approval Order, the Judgment, and any order relating to Attorneys' Fees and Expenses and the Class Representative Service Payment.

6. This Action (including all of Plaintiff's individual claims and Settlement Class Member claims asserted herein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

**DATED**: JULY 18, 2024

_____
HONORABLE RENÉE MARIE BUMB
CHIEF UNITED STATES DISTRICT JUDGE